UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JORGE PEREZ, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>CHRIS CORCORON, *et al.*, )<br>)<br>Defendants ) | CAUSE NO. 3:06-CV-035 RM |

## OPINION AND ORDER

Jorge Perez submitted this complaint under 42 U.S.C. § 1983, while he was housed at the Cass County Jail, alleging that jail officials violated his federally protected rights. Mr. Perez states that these events occurred while he was confined at the jail awaiting trial.

The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second,

>he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Perez alleges that he has been discriminated against while at the Cass County Jail. He alleges he had to pay $10.00 to have his identification bracelet replaced, while other inmates were not required to pay the replacement fee. He alleges he accidently broke a broom handle and had to pay $9.00 to have it replaced, but that other inmates who broke broom handles weren't required to pay the replacement fee. He alleges that on May 19, 2005 his legal mail was opened by jail staff and received by another inmate. He alleges that on December 30, 2005, Officer Corcoron threatened him. He seeks monetary damages.

EQUAL PROTECTION

Mr. Perez alleges his equal protection rights were violated when he was discriminated against. The Equal Protection Clause provides that "no State shall ... deny to any persons within its jurisdiction the equal protection of laws." In so providing, "the Equal Protection Clause gives rise to a cause of action on behalf of a 'class of one' where the plaintiff did not allege membership in a class or group." Willowbrook v. Olech, 528 U.S. 562, 564 (2000).Because Mr. Perez does not allege that he was discriminated against based on his race, or based on any

2

other protected class, he raises this claim as a "class of one". *See also* <u>Lauth v. McCollum</u>, 424 F.3d 631 (7th Cir. 2005) (the paradigmatic "class of one" case, more sensibly conceived, is one in which a public official, with no conceivable basis for his action other than spite or some other improper motive (improper because unrelated to his public duties), comes down hard on a hapless private citizen); <u>Crowley v. McKinney</u>, 400 F.3d 965 (7th Cir. 2005); <u>Racine Charter One, Inc. v. Racine Unified Sch. Dist.</u>, 424 F.3d 677 (7th Cir. 2005).

A plaintiff raising a "class of one" claim must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." <u>See Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000). But the equal protection clause does not require absolute equality or precisely equal advantages, <u>McCalvin v. Fairman</u>, 603 F.Supp. 342, 346 (C.D. Ill. 1985), citing <u>French v. Heyne</u>, 547 F.2d 994, 997 (7th Cir. 1976), and a mere inconsistency in prison management does not in itself state an equal protection claim. <u>McCalvin v. Fairman</u>, 603 F.Supp. at 346; <u>Durso v. Rowe</u>, 579 F.2d 1365, 1372 (7th Cir. 1978).

Mr. Perez has alleged that he was treated differently than other inmates, but has not alleged, and it would not be reasonable to infer from this complaint, that the difference in treatment was intentional or that there is no rational basis for the difference. Mr. Perez says he had to pay for a replacement identification bracelet and for a broom handle that he broke. Although he may not like that he had to pay those fees, that he did does not allege a violation of the equal protection clause.

3

## LEGAL MAIL

Mr. Perez alleges that on May 19, 2005, a piece of his legal mail was opened by jail staff and received by another inmate. Even giving Mr. Perez the benefit of the inferences to which he is entitled at the pleadings stage, a brief delay in delivering legal mail is *de minimus* and states no claim upon which relief can be granted pursuant to § 1983. Owen v. Shuler, 466 F.Supp. 5, 7 (N.D. Ind. 1977), *affirmed*, 594 F.2d 867 (7th Cir. 1979); Fore v. Godwin, 407 F.Supp. 1145, 1146 (E.D. Vir. 1976). *See also* Procunier v. Martinez, 416 U.S. 396 (1974) (so long as delay in delivery of prisoners' mail is not unreasonable, it does not reach Constitutional dimensions). Moreover, nothing in the complaint suggests that the one time mistake in delivering his legal mail to another inmate was more than mere negligence, and recovery for the negligence of state actors is not available in § 1983 claims. Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986); Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993).

## VERBAL THREATS

Mr. Perez alleges that he was threatened by Officer Corcoran. Allegations of verbal abuse or threats state no Eighth Amendment claim; "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987). Verbal abuse or harassment is not sufficient to state a claim under § 1983. Ivey v. Wilson, 832 F.2d at 955; Oltarzewksi v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Davis v. Michigan

4

Department of Corrections, 746 F.Supp. 662, 667 (E.D. Mich. 1990). These allegations do not present an arguable claim for relief under 42 U.S.C. § 1983, and the deficiencies could not be cured by amendment.

CONCLUSION

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED.

ENTERED: April 5, 2006

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court